(7 App. Div. 264)

HULL v. BABCOCK.

(Supreme Court, Appellate Division, First Department.   June 29, 1896.)

CONTRACTS—CONSIDERATION—QUESTION FOR JURY.
   Where the evidence is conflicting as to the consideration of a contract, the question should be submitted to the jury.

Appeal from trial term, New York county.
Action by Emma T. Hull against Hamlin Babcock on a bond made by defendant dated June 11, 1873, conditioned to pay to plaintiff

$1,475, two years after date, with interest at the rate of 7 per cent. per annum. The bond was assigned to one Isaac L. Platt, on November 11, 1873, and reassigned to plaintiff by the executors of said Platt, on November 26, 1878. From a judgment for $3,317.17 and costs, entered on a verdict by direction of the court, defendant appeals. Reversed.

The action was brought upon a bond made by the defendant to the plaintiff. The making of the bond was not denied, but it was alleged by way of defense that there was no consideration for the bond, and that it was made solely for the accommodation of the plaintiff. Some evidence was given upon which defendant claimed the question as to his defense should have been submitted to the jury. and other evidence was offered which defendant claims was improperly excluded. The plaintiff was the widow of William L. Hull, who died June 19, 1870. The bond was given June 11, 1873. No money was advanced by plaintiff at the time the bond was given. It was given with a mortgage which covered property on 106th street, New York City, of which the defendant had the legal title, having taken such title about January 1, 1869. The defendant alleged in his answer, in brief, that he purchased this 106th street lot at the request of, and as trustee for, the plaintiff's husband, and assumed the mortgage, and that the balance of the purchase price was paid in cash by plaintiff's husband; that defendant offered to deed the lot over to plaintiff's husband, but he requested defendant to retain the title, and sell the same with defendant's lots adjoining, and to pay to him (plaintiff's husband) the one-half of the proceeds of the sale; that, after the death of plaintiff's husband, he offered to convey the property to Robert B. Hull, executor of the estate of plaintiff's husband, but the executor requested him to retain title to the lot, and to execute the bond and mortgage for $1,475, the mortgage covering the lot, in order that plaintiff might use the same upon a purchase of property from one Platt, in Plainfield, N. J.; and that he complied with such request, receiving himself no consideration for the bond and mortgage, which were assigned to Platt; and that defendant subsequently paid the interest on the bond and mortgage for several years, at the request of plaintiff. On cross-examination, the plaintiff testified that, during her husband's lifetime, she advanced to him $1,475, which her husband told her was loaned to the defendant; and that defendant, since her husband's death, had acknowledged the loan; and she testified that this bond and mortgage were given for that indebtedness by defendant. She also testified that the defendant, at various times after the bond and mortgage were given, acknowledged the indebtedness, and promised to pay it. Defendant denied having made any such acknowledgment of indebtedness or agreement to pay it. Mrs. Eaton, a sister of plaintiff, was also sworn in the case, on rebuttal, and testified that she had several talks with defendant about the bond and mortgage before they were given, and that he stated that the debt was one of honor to plaintiff's husband, in which there was no stroke of a pen to show it, and that he had received the money; that she also had talks with defendant after the bond and mortgage were given, and he always recognized the debt as one of honor,—something he owed, and would never be satisfied until the estate was paid, principal and interest; that plaintiff's husband had been a true friend of his from their boyhood; and that he would see that the debt was paid. The defendant denied that he ever made any of these statements testified to by Mrs. Eaton. He further testified that he and plaintiff's husband were friends and neighbors, and belonged to the same boat club, and that his (defendant's) business in 1869 was real estate, and that had always been his business; that he (defendant) purchased some lots in 106th street, New York City; that the negotiations for the bond and mortgage were had by him with Robert B. Hull, the brother of plaintiff's husband; that Robert was dead; that Robert wrote him (defendant) that plaintiff desired to buy a lot in Plainfield, of one Platt, on which to build a house, and asked him (defendant) to buy this lot (apparently meaning the lot on 106th street covered by the mortgage given to secure the bond in suit); that defendant told him he did not want the lot, that he already had more than he could manage, and that he (defendant) had formerly prepared a deed, and offered it; that Robert

desired him to keep the lot, and try to sell it, but the market was dull, and they could sell nothing in those days, and that Robert then requested him (defendant), to execute a mortgage of $2,000, and he would see if Mr. Platt would accept such mortgage in payment for his lot; that he (defendant) was importuned to buy the lot, many times, and for a long time, and to make this mortgage; that Robert finally said the Platt lot would cost about $1,500, that he required about $1,500, and finally induced him (defendant) to execute the mortgage for $1,475.

This was substantially all the evidence given upon the trial. The defendant offered other evidence by himself and a witness, Judge Addison Brown. Judge Brown testified that he was in the active practice of the law in 1888, and acted as counsel for defendant, and that he remembered a transaction relating to the purchase of property on 106th and 107th streets, in New York City,—12 lots. The witness was asked if he received any money for the purchase of a piece of property from Mr. Hull. Witness produced a receipt, written and signed by himself, dated January 5, 1869, stating that he received from defendant $910 as a special deposit account, Hull; and defendant offered the receipt in evidence. Witness also produced a warranty deed from defendant to plaintiff of the 106th street lot, dated January 11, 1870, signed and acknowledged by defendant, expressing no consideration, and not recorded; and defendant offered this in evidence. Witness stated that he made entries in his books at the time of the transaction when the purchase of the 106th street property was made, and he produced the book; and defendant offered it in evidence. Witness was then asked if he received money from Hull with reference to the purchase of the 106th street lot. All these offers of evidence were objected to, and the evidence was excluded by the court. The defendant himself was asked by his own counsel if he had any beneficial interest in the 106th street lot; whether he held the lot as trustee or not; whether, at the time he received the deed, he paid any money to anybody; whether he or anybody else paid the consideration for the lot; whether plaintiff's husband paid the consideration. All these questions were objected to, and the evidence was excluded by the court. Defendant testified that, after the bond and mortgage were given, he paid the interest thereon until 1876, and that such payment was demanded, but he was not permitted by the court to state how he came to pay the interest, or how the demand was made. At the close of all the evidence, the court directed a verdict for plaintiff for the amount unpaid on the bond and mortgage. The defendant excepted, and requested to be allowed to go to the jury as to the question of consideration for the bond and mortgage, which was refused, with exception. From the judgment entered upon this verdict, this appeal is taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert L. Harrison, for appellant.
Charles B. Alexander, for respondent.

WILLIAMS, J. It seems to us that the learned trial court erred in the disposition made of this case. There seems to be no doubt from the evidence given on the part of plaintiff herself that the consideration for this bond and mortgage, if any, was an indebtedness by defendant to the plaintiff's husband. The defendant, by his answer, denied that any such indebtedness ever existed; alleging that the title to the 106th street lot was taken and held by him merely as an accommodation for the plaintiff's husband; that the money paid for the lot was not borrowed by defendant from plaintiff's husband, but was paid by the latter directly to the owner, as the purchase price of the property. This defense he attempted to prove on the trial by himself and the witness Brown. Some of the evidence offered for this purpose was competent, and should have

been received; and, when so received, it would have been a question for the jury whether there was an indebtedness by defendant to plaintiff's husband which constituted a consideration for the bond and mortgage. It is true that, even if defendant correctly alleged in his answer the original transaction between himself and the plaintiff's husband, it would still have been competent for him, after the death of plaintiff's husband, and with the assent of the persons then interested in the property, to retain title to the property, and give the bond and mortgage for the money advanced by plaintiff's husband for the purchase price thereof. The defendant, however, did not concede he gave the bond and mortgage under such circumstances, but testified that he gave them without any consideration, and solely for plaintiff's accommodation; and it was a question for the jury what the circumstances were under which the bond and mortgage were given. It could not be determined by the court. Some of the evidence offered was objectionable, and should not have been received. Some of it, however, was clearly competent and proper; and we think, under the rulings of the court, fairly considered, the defendant was denied an opportunity to give competent and material evidence in support of his defense, and that, such evidence having been received, the questions raised would have been for the jury, and not for the court.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

---

(7 App. Div. 312)

### HASTINGS v. CENTRAL CROSSTOWN R. CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. CARRIERS—INJURIES TO PASSENGER—PROOF OF NEGLIGENCE.
   While plaintiff was a passenger on defendant's horse car, a place was reached where there were a great many tracks, and the street was in such bad condition that the car was obliged to stop. Plaintiff testified that, when the driver undertook to start the car, he gave the horse a blow with the whip, whereupon the horse made a plunge, and the car went off the track, and plaintiff was thrown off, and injured. *Held,* that the evidence was sufficient to present a question to the jury as to defendant's negligence. Ingraham, J., dissenting.

2. SAME—DERAILMENT OF CAR.
   Negligence is not to be imputed to a street-car company from the mere fact that the car left the track.

Appeal from superior court of New York City, trial term.

